UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **Keith Ewing,** | ) | **CASE NO. 1:24 CV 997** |
| | ) | |
| Plaintiff, | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| v. | ) | |
| | ) | |
| **Cuyahoga County Office of Child** | ) | |
| **Support Services,** | ) | **Memorandum of Opinion and Order** |
| | ) | |
| Defendant. | ) | |

*Pro se* Plaintiff Keith Ewing filed this civil rights action pursuant to 42 U.S.C. § 1983 against the Cuyahoga County Office of Child Support Services ("OCSS")[1] alleging that the defendant violated his due process rights in connection with a contempt order concerning the enforcement of a child support order issued by the Cuyahoga County Juvenile Court. (Doc. No. 1). Plaintiff filed a motion to proceed *in forma pauperis* (Doc. No. 2), which the Court grants.

For the following reasons, the Court dismisses Plaintiff's complaint.

**I. BACKGROUND**

Plaintiff's complaint is largely composed of citations to child support statutes and regulations and civil rules. It contains vague and conclusory allegations and few facts from which to determine the nature of his claims. Plaintiff states that the OCSS notified him in June 2014 that it had begun the process for termination of Plaintiff's child support payments because Plaintiff's

---

[1] The Office of Child Support Services is formerly known as the Child Support Enforcement Agency ("CSEA"). *See In re N.J.K.*, No. 110056, 2021 Ohio 3733, 2021 WL 4901039, 2021 Ohio App. LEXIS 3639, at 4 (Ohio App. 8th Dist. Oct. 21, 2021).

child had reached the age of 18 and had graduated from high school. (Doc. No. 1 at 2). According to the complaint, following an investigation, and no apparent objections from the parties, the OCSS recommended the following: child support payments shall terminate for Plaintiff's child, K.E.; the obligor owes a balance of $16,098.12; and support arrearage payments shall be $223.46 per month. (*See* Doc. No. 1-1). The Juvenile Court adopted the OCSS's recommendations. (*Id.*). It appears that in 2021, a contempt action was initiated against Plaintiff but later dismissed. Then in 2022, the OCSS initiated a contempt action once again. (*See* Doc. No. 1 at 2). Plaintiff appears to contest this contempt action, claiming the defendant failed to conduct an investigation before filing a contempt claim, proper procedures were not followed, and the defendant was not a proper party to the case. (*Id.* at 2-7).

Plaintiff alleges the defendant's actions violated his due process rights. He requests unspecified "injunctive relief" and $50,000,000 in damages.

## II. STANDARD OF REVIEW

*Pro se* pleadings are liberally construed. *Boag v. MacDougall*, 454 U.S. 364, 365, 102 S. Ct. 700, 70 L. Ed. 2d 551 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972). The court, however, is required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). While the court must construe the pleading in the light most favorable to the plaintiff, *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998), the court is not required to conjure unpleaded facts or construct claims against a

defendant on behalf of a *pro se* plaintiff. *See Grinter v. Knight*, 532 F.3d 567, 577 (6th Cir. 2008) (citation omitted); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277-78 (4th Cir. 1985).

A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the Complaint." *Bell Ad. Corp. v. Twombly*, 550 U.S. 544, 564, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). A plausible pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true. *Twombly*, 550 U.S. at 555. The plaintiff is not required to include detailed factual allegations, but he must provide more than "an unadorned, the defendant unlawfully harmed me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.*

Further, a district court may *sua sponte* dismiss an action pursuant to Fed. R. Civ. P. 12(b)(1) if it lacks subject matter jurisdiction, and it has an independent obligation to determine whether subject matter jurisdiction exists. *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999)

### III. DISCUSSION

Plaintiff claims that the prosecutor was "wrong" to file a contempt action and the state court was "wrong in allowing it," and he seeks generic "injunctive relief." (*See* Doc. No. 1 at 6, 10). It is not clear whether the state court proceedings concerning the contempt action remain pending or are concluded. It is also unclear what "injunctive" relief Plaintiff seeks.

As an initial matter, however, defendant OCSS is a department or agency of Cuyahoga County; it is not *sui juris*, meaning it cannot be sued in its own right. *Foster v. Cuyahoga Cty. Child Support Enf't. Agency*, No.1:19 CV 1571, 2019 WL 6841773, 2019 U.S. Dist. LEXIS 215856, *4 (N.D. Ohio Dec. 16, 2019) (Cuyahoga County Child Support Enforcement Agency is not *sui juris* and, therefore, cannot be sued in its own right); *see also Loper v. Cuyahoga Cty. Children & Family Servs.*, No. 1:18 CV 1598, 2019 WL 1597552, 2019 U.S. Dist. LEXIS 64375, *5 (N.D. Ohio Apr. 15, 2019) (Cuyahoga County Children and Family Services is not *sui juris* and cannot be sued in its own right); *Pulse v. Gale*, No. 3:16 CV 91, 2016 U.S. Dist. LEXIS 56044, 2016 WL 1704312, at *2-3 (N.D. Ohio Apr. 27, 2016) (Erie County Adult Probation Department is not *sui juris* and cannot be sued in its own right) (collecting cases); *Wilson v. Trumbull Cty. Dep't of Job & Family Servs.*, No. 4:12 CV 02163, 2013 U.S. Dist. LEXIS 154926, 2013 WL 5820276, at *3 (N.D. Ohio Oct. 29, 2013) (finding that "numerous district courts" have found that county agencies are not *sui juris*, and granting motion to dismiss of defendant Trumbull County Adult Protective Services because the county agency lacks the capacity to be sued) (collecting cases). Because the defendant lacks the capacity to be sued, Plaintiff fails to state a claim against the OCSS upon which relief can be granted.

To the extent the Court can liberally construe the claims against the defendant as claims asserted against Cuyahoga County, Plaintiff still fails to state a claim. Section 1983 does not permit a plaintiff to sue a local government entity on the theory of *respondeat superior*. *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 692-94, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978). A plaintiff may only hold a local government entity liable under Section 1983 for the entity's own wrongdoing. *Id.* A local government entity violates Section 1983 when its official

policy or custom actually serves to deprive an individual of his or her constitutional rights. *Id.* at 694. To state a claim for relief against a municipality under Section 1983, Plaintiff must: "(1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that [his or] her particular injury was incurred due to execution of that policy." *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003) (citing *Garner v. Memphis Police Dep't*, 8 F.3d 358, 363 (6th Cir.1993)). Here, Plaintiff does not identify any policy or custom that caused a violation of his constitutional rights. He, therefore, fails to state a claim against Cuyahoga County.

Moreover, to the extent the state court contempt proceedings remain pending, this Court must not interfere with those proceedings. A federal court must abstain from interfering with pending state court proceedings involving important state interests absent extraordinary circumstances not present here. *See Younger v. Harris*, 401 U.S. 37, 44-45, 91 S. Ct. 746, 27 L. Ed. 2d 669 (1971). Abstention is appropriate where: (1) state proceedings are ongoing, (2) the state proceedings implicate important state interests, and (3) the state proceedings afford a plaintiff with an adequate opportunity to raise federal questions. *Leveye v. Metro. Pub. Def. Office*, 73 F. App'x 792, 794 (6th Cir. 2003) (citing *Younger*, 401 U.S. at 43-45). Concerning the final factor of the *Younger* abstention, Plaintiff bears the burden of demonstrating that state law prevents him from raising his federal claims in state court. *See Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 14-15, 107 S. Ct. 1519, 95 L. Ed. 2d 1 (1987). In the absence of "unambiguous authority to the contrary," the Court may assume that state court procedures will afford Plaintiff an adequate opportunity to present his federal claims in the pending state court proceedings. *Id.* Abstention is mandated whether the state court proceeding is criminal, quasi-criminal, or civil in nature, as long as federal court intervention "unduly interferes with the legitimate activities of the

state." *Younger*, 401 U.S. at 44.

If Plaintiff's contempt action remains pending, all three factors supporting abstention are present here. The State of Ohio has an important interest in enforcing its laws regarding child welfare, support, and protection. *See Meyers v. Franklin Cty. Court of Common Pleas*, 23 F. App'x 201, 204-05 (6th Cir. 2001) (finding child welfare and protection is undeniably an important state interest). There are no suggestions in the complaint that the available state court proceedings do not afford Plaintiff an adequate opportunity to raise the constitutional claims he raises here. Therefore, to the extent that state court contempt proceedings concerning the ongoing enforcement of the child support order remain pending, the Court will not interfere with those proceedings.

To the extent the state court contempt proceedings concerning the enforcement of the child support order have concluded, and Plaintiff's "injunctive relief" can be construed as seeking relief from the state court's order, this complaint essentially constitutes an appeal of the state court proceedings, and the Court lacks subject matter jurisdiction over this action pursuant to the *Rooker-Feldman* doctrine. *See Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 483, 103 S. Ct. 1303, 75 L. Ed. 2d 206 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16, 44 S. Ct. 149, 68 L. Ed. 362 (1923). "Where federal relief can only be predicated upon a conviction that the state court was wrong, it is difficult to conceive [of] the federal proceeding as, in substance, anything other than a prohibited appeal of the state court judgment." *Catz v. Chalker*, 142 F.3d 279, 295 (6th Cir. 1998) (quoting *Keene Corp. v. Cass*, 908 F.2d 293, 296-97 (8th Cir. 1990) (quoting *Pennzoil*, 481 U.S. at 25)), amended on other grounds, 243 F.3d 234 (6th Cir. 2001). Federal appellate review of state court judgments can only occur in the United

States Supreme Court. *See Feldman*, 460 U.S. at 483; *Rooker*, 263 U.S. at 415-16. Therefore, to the extent the state court proceedings concerning the enforcement of Plaintiff's child support obligations have concluded and Plaintiff seeks to vacate a state juvenile court's order, this Court lacks jurisdiction over this matter.

Finally, to the extent Plaintiff seeks to relitigate his child support obligations as determined in a state juvenile court case, this claim is barred by *res judicata*. *Res judicata* precludes a party from bringing a federal civil rights action to relitigate matters that already have been decided in a state court proceeding. *Allen v. McCurry*, 449 U.S. 90, 96-97, 101 S. Ct. 411, 66 L. Ed. 2d 308 (1980). Under *res judicata*, a final judgment on the merits of an action precludes the parties from relitigating issues that were or could have been raised in that action. *Id.* at 94. Plaintiff's claims are barred by *res judicata* because his child support obligations have been determined by a state court, and there is no suggestion in his pleadings that he could not have raised any federal concerns he had in the context of the state proceeding.

## IV. CONCLUSION

Accordingly, the Court grants Plaintiff's motion to proceed *in forma pauperis* (Doc. No. 2) and dismisses this action pursuant to 28 U.S.C. § 1915(e)(2)(B). Further, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

/s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge

Dated: 9/20/24